# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| SIDNEY CHARLES,<br><br>  Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | No. C 12-4068-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS PETITIONER'S § 2255 MOTION** |

  On July 13, 2012, petitioner Sidney Charles filed a *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (docket no. 1). In his § 2255 Motion, Charles asserts a claim regarding application of the Career Offender and Fair Sentencing Act; a claim related to drug quantity; and a claim relating to his "mental capacity." This matter comes before me on the respondent's September 10, 2012, Motion To Dismiss Petitioner's Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 3).

  In its Motion To Dismiss, the respondent seeks dismissal of all of Charles's claims for *habeas* relief as procedurally defaulted. After the respondent filed its Motion To Dismiss, I directed the Clerk of Court to appoint counsel to represent Charles and directed Charles, with the aid of counsel, to respond to the respondent's Motion To Dismiss by November 1, 2012. *See* Order (docket no. 4). Eventually, after extensions of time to do so, Charles, through counsel, filed, under seal, a Response To Motion To Dismiss Petitioner's Motion Under 28 U.S.C. § 2253 [sic] And Amended Motion (docket no. 21),

on March 21, 2013. In that Response, Charles agrees with the respondent that two of his claims—his claim regarding application of the Career Offender and Fair Sentencing Act and his claim related to drug quantity—are procedurally defaulted, but he asserts that "[t]he issue of mental capacity is the gravamen of an allegation of ineffective assistance of counsel, an allegation providing 'cause and prejudice'" to avoid procedural default of the "mental capacity" claim. Response at 1, ¶¶ 3-4. In his accompanying brief, Charles appears to assert that his "mental capacity" claim is now amended to assert ineffective assistance of counsel in failing to pursue the "mental capacity" issue, so that procedural default of that claim is overcome and that claim survives the respondent's Motion To Dismiss. Charles did not then, nor has he since, expressly requested permission to amend, other than a somewhat obscure reference to "Amended Motion" in the caption of his Response, nor has he offered a proposed Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. He did, however, append to his Response numerous exhibits that he contends support of his "mental capacity" claim.

In a Reply (docket no. 24), filed May 1, 2013, the respondent asserts that, until Charles filed his Response, there was no hint that his "mental capacity" claim was, in any sense, a claim of ineffective assistance of counsel, and that any motion to amend the § 2255 Motion as a matter of course in Charles's Response was untimely, because it was not filed within 21 days of the respondent's Motion To Dismiss, as required by Rule 15 of the Federal Rules of Civil Procedure. The respondent also argues that it did not consent to such an amendment and that the court did not authorize such an amendment. In a Rejoinder (docket no. 25), filed May 2, 2013, without authorization under any applicable rule or by order of the court, Charles asserts that his request to amend his § 2255 Motion was timely, by virtue of the original deadline set by the court for his response to the

respondent's Motion To Dismiss, the extensions of his deadlines to respond to the respondent's Motion To Dismiss, and the respondent's agreement to such extensions. Moreover, he argues that, because the respondent agreed to the extensions, the respondent is estopped to challenge the timeliness of the amendment. Charles's counsel also asserts that he has acted in good faith. In a Reply To Petitioner's Rejoinder (docket no. 26), filed on May 3, 2013, also without authorization under any applicable rule or by order of the court, the respondent argues that there was no implicit extension of Charles's deadline to seek leave to amend by orders setting or extending a deadline for his response to a motion to dismiss or by the respondent's agreement to such extensions, and that Charles's counsel's attempt to amend Charles's § 2255 Motion is not in good faith.

Section 2255 proceedings are civil in nature and, therefore, governed by the Federal Rules of Civil Procedure. *See, e.g., Mandacina v. United States*, 328 F.3d 995, 1000 & n. 3 (8th Cir.), *cert. denied*, 540 U.S. 1018 (2003). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Furthermore, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted). Thus, procedurally defaulted claims fail to state claims for § 2255 relief on which relief can be granted and may be dismissed pursuant to Rule 12(b)(6).

Here, Charles, through counsel, concedes that two of his § 2255 claims—a claim regarding application of the Career Offender and Fair Sentencing Act and a claim related to drug quantity—are procedurally defaulted. Therefore, he concedes, and I conclude, that the respondent is entitled to dismissal of those claims. In contrast, Charles argues, through

3

counsel, that his "mental capacity" claim can evade procedural default because the gravamen of that claim is ineffective assistance of counsel, which provides "cause and prejudice" for the procedural default of that claim and allows that claim to be considered on the merits.

Charles is correct that "cause and prejudice" to resuscitate a procedurally defaulted claim may include ineffective assistance of counsel, as defined by the *Strickland* test. *Theus v. United States*, 611 F.3d 441, 449 (8th Cir. 2010). Furthermore, Rule 15 of the Federal Rules of Civil Procedure governs motions to amend § 2255 motions, if the motion to amend is filed before judgment is entered. *See United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006). Under Rule 15, as recently amended, a claimant may amend a pleading as a matter of course within 21 days after the service of a responsive pleading, but thereafter may amend only with the opposing party's written consent or leave of the court. FED. R. CIV. P. 15(a)(1) & (2). The rule also states, "The court shall freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Thus, if Charles has amended his "mental capacity" claim in such a way that "ineffective assistance of counsel" allows him to evade procedural default of that claim, that claim may state a claim upon which relief can be granted.

The respondent's only challenges to Charles's attempts to amend, so far, are that Charles's proposed amendment to assert his "mental capacity" claim as an "ineffective assistance" claim was offered too late to be an amendment as a matter of course, that the respondent did not consent to the amendment, and that I did not grant leave for the amendment. I find untenable Charles's contentions that either I implicitly granted him or his counsel extensions of time to amend his § 2255 Motion as a matter of course or that respondent's counsel agreed to such extensions simply by agreeing to or granting extensions of his time to respond to the respondent's Motion to Dismiss. Thus, the

4

respondent is correct as to the procedural basis for its challenges to the amendment of the "mental capacity" claim. On the other hand, Charles's Response could also be construed as an inartful—and incomplete—request for leave to amend the "mental capacity" claim to include allegations of "ineffective assistance of counsel." The respondent overlooks the standards for granting leave to amend—requiring that leave to amend be granted "freely . . . when justice so requires," FED. R. CIV. P. 15(a)(2)—just as Charles's counsel apparently overlooked the requirements for seeking leave to amend and proffering a proposed amendment.

Under the circumstances presented here, I believe that justice requires that I grant Charles leave to amend his § 2255 Motion to reformulate his "mental capacity" claim as an "ineffective assistance" claim, which was clearly what his counsel was attempting to do, albeit inartfully. FED. R. CIV. P. 15(a)(2). Such an amendment will be open to challenge, however, on any grounds, including failure to state a claim upon which relief can be granted and failure to relate back to the timely filing of the original "mental capacity" claim. *See* FED. R. CIV. P. 15(c); *see also Johnson v. United States*, 860 F. Supp. 2d 663, 706-23 (N.D. Iowa 2012) (stating and applying the Rule 15 standards for "relation back" to amended claims by a § 2255 petitioner).[1]

THEREFORE,

1. The respondent's September 10, 2012, Motion To Dismiss Petitioner's Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 3) is **granted in part and denied in part**, as follows:

---

[1] I decline to consider the "relation back" issue *sua sponte*, although it may render any amendment futile, where the parties have not considered or briefed "relation back" or any other "futility" issues.

  a. The Motion To Dismiss is **granted** as to petitioner Charles's claim regarding application of the Career Offender and Fair Sentencing Act and his claim related to drug quantity, as those claims are procedurally defaulted; but

  b. The Motion To Dismiss is **denied** as to Charles's "mental capacity" claim.

 2. Charles shall have **to and including August 13, 2013,** within which to file an Amended § 2255 Motion asserting his "mental capacity" claim in amended form as an "ineffective assistance of counsel claim" or a claim for which any procedural default is excused by "ineffective assistance of counsel."

 3. The respondent shall have **to and including September 3, 2013,** within which to file an answer in accordance with Rule 5(b) of the Rules Governing Section 2255 Proceedings or an appropriate motion under Rule 12 of the Federal Rules of Civil Procedure. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

**IT IS SO ORDERED.**

**DATED** this 30th day of July, 2013.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA